NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE PEREZ VASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>DRS. ANICETTE AND BROWN; PEMBERTON, N.P., ESSEX COUNTY BOARD OF CHOSEN FREEHOLDERS; ESSEX COUNTY CORRECTIONAL FACILITY and et al,<br><br>Defendants. | Civil Action No. 14-1044 (JLL) (JAD)<br><br>REPORT AND RECOMMENDATION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Defendants Dr. Anicette, Dr. Brown, and N.P. Pemberton's Motion to Dismiss for failure to prosecute. (ECF No. 9). After carefully considering the submissions and the record, and for good cause shown; and

**WHEREAS** Plaintiff Jose Perez Vasquez commenced this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, on October 22, 2013. (Complaint, ECF No. 1); and

**WHEREAS** on February 18, 2014 Defendants Dr. Anicette, Dr. Brown, and N.P. Pemberton filed a Notice of Removal to remove this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. (Id.); and

1

**WHEREAS** Defendants Dr. Anicette, Dr. Brown, and N.P. Pemberton filed an Answer on February 28, 2014. (Answer, ECF No. 2); and

**WHEREAS** Notice of Electronic filing was mailed to Plaintiff to the address provided by him, but was returned to the Court as undeliverable on March 27, 2014. (ECF No. 3); and

**WHEREAS** Defendant Essex County, improperly plead as Essex County Board of Chosen Freeholders and Essex County Correctional Facility, filed an Answer on July 1, 2014. (Answer, ECF No. 8); and

**WHEREAS** Defendants Dr. Anicette, Dr. Brown, and N.P. Pemberton filed a Motion to Dismiss on August 18, 2014 stating that Plaintiff has failed "to keep the Court and all parties advised of his current address pursuant to L.Civ.R. [sic] 10.1(a)" and Plaintiff has also failed "to prosecute this matter pursuant to Fed.R.Civ.P. [sic] 41(b)." (ECF No. 9, at 1); and

**WHEREAS** Defendants in their Motion to Dismiss assert that a copy of their Answer was returned and marked "Return to Sender." (Exhibit B, ECF No. 9-1, at 5). Defendants further state that "Plaintiff has failed to answer Interrogatories, and has failed to respond to Defendant's Notice to Produce Documents." (ECF No. 9-1, at 2, ¶ 9). Finally, Defendants stress that "Plaintiff's failure to advise the Court and his adversaries of a change of address makes it impossible for the parties to conduct discovery in a diligent and expeditious manner as required by L.Civ.R. [sic] 26.1." (Id. ¶ 13); and

**WHEREAS** this Court advised the parties on August 18, 2014 that a video conference was set for October 24, 2014 at 11:30 a.m. (ECF No. 10); and

**WHEREAS** on September 15, 2014 Defendants filed a supplemental certification in support of their Motion to Dismiss for failure to prosecute. (ECF No. 11). Defendants informed the Court that they attempted to serve their Motion to Dismiss on Plaintiff at his address of record

2

and further attempted to serve discovery on Plaintiff at his last known "street address contained in his records." (Id. ¶¶ 3-4). While the Motion papers were returned to Defendants, the discovery requests were not. (Id. ¶¶ 5-6); and

**WHEREAS** on September 26, 2014 this Court issued an Order advising the parties that the Motion to Dismiss for failure to prosecute would be addressed during the video conference scheduled for October 24, 2014. (ECF No. 12); and

**WHEREAS** the Court conducted a status conference on October 24, 2014. (See Minute Entry dated October 24, 2014). The video conference was attempted, but Plaintiff "could not be located at Essex County Correctional Facility." (Id.); and

**WHEREAS** Alan Ruddy, Assistant County Counsel, informed the Court on November 19, 2014 that Plaintiff "has been released on bail yet possess an ICE detainer." (ECF No. 13, at ). The letter further advised the Court that there was no forwarding address for Plaintiff. (Id.); and

**WHEREAS** Defendants Dr. Anicette, Dr. Brown, and N.P. Pemberton submitted a letter on January 15, 2015 advising the Court that as of that day, they have "not heard from Plaintiff in any manner." (ECF No. 14, at 1). Defendants further reiterate that Plaintiff has failed to file any documents with the Court and has not advised the Court of his current address. (Id.). As a result, Defendants have been unable to pursue discovery and communicate with Plaintiff. (Id.); and

**WHEREAS** this Court finds that Plaintiffs' Complaint is subject dismissal given Plaintiffs' protracted and ongoing failure to prosecute the case. Melvin v. Astbury, No. 05-711, 2006 WL 1084225, at *2 (D.N.J. Apr. 21, 2006) ("Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution") (citing Adams v. Trs. of the New Jersey Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir.

1994); Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 640–641 (1976)). This Court recognizes that, "[w]hen using dismissal as a sanction, a District Court is ordinarily required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).  But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) (affirming a District Court's dismissal without consideration of the Poulis factors where the plaintiff failed to engage in discovery and then failed to respond to the Court's request for an explanation regarding those discovery defaults); and

**WHEREAS** Plaintiff's conduct has made it impossible to adjudicate his Complaint; and

**WHEREAS** Plaintiff's failure to provide the Court with his current address is in violation of Local Civil Rule 10.1 which states, "[c]ounsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk.  Failure to file a notice of address change may result in the imposition of sanctions by the Court"; and

**WHEREAS** Plaintiff has not contacted the Court since the filing of his Complaint; and

**WHEREAS** Plaintiff has failed to establish good cause sufficient to justify prosecution of this case,

**IT IS** on this 20th day of January, 2015,

**RECOMMENDED** that Plaintiff's Complaint be dismissed, without prejudice.

*[signature]*
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, U.S.D.J.

4